﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 191022-41759
DATE: February 26, 2021

ORDER

Entitlement to service connection of bilateral hearing loss is granted. 

FINDING OF FACT

Bilateral hearing loss is etiologically related to acoustic trauma sustained in service. 

CONCLUSION OF LAW

Resolving all reasonable doubt in the Veteran’s favor, the criteria for service connection of right ear hearing loss has been met. 38 U.S.C. §§ 1101, 1110, 1112, 1131, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309, 3.385. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran honorably served on active duty in the United States Air Force from June 22, 1959 to June 21, 1963. 

This matter is before the Board of Veteran’s Appeals (Board) on appeal of an October 2019 Rating Decision by the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran filed a timely Notice of Disagreement (NOD) on a VA form 10182. The Veteran selected the hearing docket and was afforded a hearing on November 13, 2020. This matter is now properly before the Board under the Appeals Modernization Act (AMA) as the rating decision was issued after the AMA went into effect. 

Service Connection

Service connection is warranted where the evidence of record establishes that an injury or disease resulting in a disability was incurred in the line of duty during active military service or, if an injury or disease pre-existing such service, was aggravated thereby. 38 U.S.C. § 1110, 1131; 38 C.F.R. § 3.303(a).

Establishing service connection generally requires (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F. 3d 1163, 1167 (Fed. Cir. 2004); see also Caluza v. Brown, 7 Vet. App. 498, 506 (1995).

Service connection may also be granted for any disease diagnosed after military discharge, when all the evidence, including that pertinent to the period of military service, establishes that the disease was incurred during the active military service. 38 U.S.C. § 1113(b); 38 C.F.R. § 3.303(d).

Service connection may be established on a secondary basis for a disability which is proximately due to or the result of service-connected disease or injury. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. §§ 3.303, 3.310. In order to prevail on the theory of secondary service connection, there must be evidence of a current disability; evidence of a service-connected disability; and evidence establishing a connection between the service-connected disability and the current disability. Wallin v. West, 11 Vet. App. 509, 512 (1998). 

The Veteran is currently diagnosed with bilateral sensorineural hearing loss. Sensorineural hearing loss is a “chronic disease” listed under 38 C.F.R. § 3.309(a); therefore, the presumptive service connection provisions under 38 C.F.R. § 3.303(b) for service connection based on “chronic” symptoms in service and “continuous” symptoms since service are applicable. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

With a chronic disease shown in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. If a condition noted during service is not shown to be chronic, then generally, a showing of continuity of symptoms after service is required for service connection. 38 C.F.R. § 3.303(b).

For VA purposes, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz (Hz) is 40 decibels (dB) or greater, the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, and 4000 Hz are 26 dB or greater, or speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

The Board must assess the credibility and weight of all the evidence, including the medical evidence, to determine its probative value, accounting for the evidence which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. See Masors v. Derwinski, 2 Vet. App. 181 (1992). Equal weight is not accorded to each piece of evidence contained in the record; every item of evidence does not have the same probative value. 

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded to the Veteran.

1. Service connection for bilateral hearing loss. 

The Veteran contends that his bilateral hearing loss should be service-connected due to his in-service acoustic trauma. The Veteran does have a current diagnosis of bilateral hearing loss. 

In July 2017, the Veteran was afforded a VA examination. In the examination the Veteran was provided an audiogram, which indicated the following:

July 2017 HERTZ 

 1000 2000 3000 4000 Avg CNC

RIGHT 40 55 65 75 58.75 30%

LEFT 45 55 60 80 60 16%

The July 2017 VA examiner provided a diagnosis of sensorineural hearing loss. The examiner conducted a speech discrimination test using the Maryland CNC Word list, which resulted in a score of 30% in the right ear and 16% in the left ear. The Board finds that the requirements for bilateral hearing loss as a disability for VA purposes under 38 C.F.R. § 3.385 are met. The examiner opined that the Veteran’s hearing loss was less likely than not related to military noise exposure because the diagnosis was not within one year of leaving service. The Board finds the examiner’s opinion to have minimal probative weight in this matter because the examiner failed to consider the Veteran’s hearing loss under the provisions of presumptive service connection because hearing loss is a chronic disease and the Veteran’s symptoms were continuous. 

In September 2019, the Veteran’s wife provided a lay statement about the Veteran’s hearing loss. She indicated that he is always asking her to repeat things or does not hear what she says correctly. She noted that she has known the Veteran since 10th grade in high school. She noted that prior to leaving for the Air Force, she never noticed anything wrong with his hearing. She stated that upon his return in 1963, he constantly complained about ringing in his ears. She indicated that ever since they married in 1964, he has always asked her to repeat things or doesn’t hear what she is saying correctly. She stated that over the years his hearing has gotten so bad that she can be in the same room and if she is not looking directly at him, he will not know she is speaking to him. 

In November 2020, the Veteran testified in a hearing before the undersigned VLJ. The Veteran’s representative and the Veteran provided evidence during the hearing that the Veteran’s Military Occupational Specialty (MOS) was aircraft mechanic, specifically a jet mechanic. The Veteran worked on the B-47 Stratojet, a massive six-engine jet. The Veteran testified about the acoustic noise trauma he had during his time in service. The Veteran testified that he worked on the B-47 Stratojet and that it had about six engines. He testified that he was the groundman and when the engines were started, he had to go to the rear of the engine and watch to see the T-wheel turn, and then wait until it combusted. He had to do that six times for each engine to be turned on. The Veteran testified that he did not have any hearing protection provided when he did his duties as a groundman. The Veteran also testified that he served in Madrid during the Cuban Missile Crisis and was exposed to plane engines running constantly. He testified that they shut down three engines and kept three engines running. He indicated that they were there for about 30 hours. He noted that when the planes were ready to go, they had to fire up the additional engines. 

The Veteran testified that after service he did not have any jobs that exposed him to loud noise. He indicated that he does not have any loud hobbies, playing instruments such as guitar, or flying helicopters. Considering the evidence of the record in equipoise, there is no probative evidence of an incurrent cause for the Veteran’s bilateral hearing loss. 

The Veteran testified that he noticed his symptoms of hearing loss shortly after being released from service. The Veteran did not recall the specific date in which he noticed the hearing loss, but he recalls that it was shortly after service and that it got progressively worse over time. The Veteran also testified that he does have VA issued hearing aids. He also testified that if he doesn’t wear his hearing aids, he cannot hear his wife talking to him. The Board acknowledges that the jet engines are known to produce very high levels of noise. 

The Veteran’s lay testimony indicates that he was exposed to loud noise without proper personal protective equipment on a regular basis while on active duty. The Veteran is competent and credible to report his in-service exposure to loud noise. The Board finds the Veteran’s statements to be highly probative. Therefore, it can be reasonably determined that the Veteran did incur an in-service injury in the form of acoustic trauma.

Sensorineural hearing loss is a “chronic disease” listed under 38 C.F.R. § 3.309(a); therefore, the presumptive service connection provisions under 38 C.F.R. § 3.303(b) for service connection based on “chronic” symptoms in service and “continuous” symptoms since service are applicable. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). The Board finds the Veteran’s lay statements that hearing loss symptoms began shortly after discharge from active duty to be competent and credible. The evidence that the Veteran’s symptoms of hearing loss have been continuous since his discharge are probative. Therefore, service connection based on chronic symptoms can be established under 38 C.F.R. § 3.303(b). 

(Continued on the next page)

 

The Veteran is currently diagnosed with bilateral sensorineural hearing loss. During service the Veteran was exposed to loud noise resulting in acoustic trauma. Sensorineural hearing loss, which is an organic disease of the nervous system, is a chronic disease under 38 C.F.R. § 3.309(a), and the Veteran’s symptoms were continuous until his diagnosis with bilateral hearing loss for VA purposes in July 2017. Resolving reasonable doubt in the Veteran’s favor, the Board finds that the bilateral hearing loss was incurred in service. 38 U.S.C. § 5107 38 C.F.R. § 3.102. The Veteran’s claim for service-connected right ear hearing loss is granted.

 

 

B. MULLINS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Hellina Y. Hailu, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.